08-5076-ag
Zheliazouski v. Holder

BIA
A097-305-222

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of February, two thousand nine.

PRESENT:
        JOSEPH M. McLAUGHLIN,
        BARRINGTON D. PARKER,
        GERARD E. LYNCH,
                <u>Circuit Judges</u>.

——————————————————————————————

ALEH ZHELIAZOUSKI,
        <u>Petitioner</u>,

                v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[*]
        <u>Respondent</u>.

——————————————————————————————

08-5076-ag

NAC

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**       Alexander J. Segal, The Law Offices of Grinberg & Segal, New York, New York.

**FOR RESPONDENT:**       Tony West, Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; Francis W. Fraser, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner, Aleh Zheliazouski, a native and citizen of Belarus, seeks review of a September 16, 2008 order of the BIA denying his motion to reopen his removal proceedings. In re Aleh Zheliazouski, No. A 097 305 222 (B.I.A. Sept. 16, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir. 2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d

138, 169 (2d Cir. 2008).

Ordinarily, an alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). There is no dispute that the Petitioner's second motion to reopen was both untimely and numerically barred. However, there is no time or numerical limitation where the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA found that the evidence the Petitioner presented at his initial hearing and that he submitted with his motion to reopen both described "assaults directed against Jews in Belarus, . . . incidents of vandalism directed against Jewish cemeteries and property, and actions of Belarusian regime officials indicating a lack of sensitivity toward the Jewish community." With no further analysis, the BIA concluded that "while the evidence reveals that the number of individual anti-Semitic incidents has recently increased, the evidence does not support the conclusion that conditions in Belarus have materially changed." Although this Court has rejected the notion that the agency "must expressly parse or refute on the record

3

each individual argument or piece of evidence offered by the petitioner," Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted), the agency "'h[as] a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim . . . [and a] similar, if not greater, duty arises in the context of motions to reopen based on changed country conditions,'" Shou Yung Guo v. Gonzales, 463 F.3d 109, 115 (2d Cir. 2006) (quoting Poradisova v. Gonzales, 420 F.3d 70, 81 (2d Cir. 2005)); see also Zhi Yun Gao v. Mukasey, 508 F.3d 86, 87-88 (2d Cir. 2007).

In Poradisova, this Court reversed the BIA's denial of a motion to reopen based on changed country conditions, describing the BIA's analysis as "perfunctory (and clearly inaccurate)."  420 F.3d at 81-82.  The Court found that the "situation ha[d] worsened [in Belarus] since the [Petitioners'] original application," id. at 81, and observed that the country conditions reports submitted with the motion to reopen "devote[d] far more space to reports of anti-Semitic abuses and recounts far more specific incidents than the . . . Reports submitted with the [Petitioner's] original application.  The clear inference is that conditions have been deteriorating," id. at 81 n.9.

4

As in Poradisova, the reports submitted by Petitioner here depict increased anti-Semitic abuses.  Further, it is not clear from the BIA's "perfunctory" analysis, see id. at 82, why it did not believe that the increase in anti-Semitic incidents constituted materially changed country conditions in Belarus.  Although the agency may ultimately conclude that the increase in anti-Semitic incidents does not establish that conditions have materially changed, we remand so that the agency may address the issue in detail sufficient to permit meaningful review.  Id. at 77; see also Gonzales v. Thomas, 547 U.S. 183, 186 (2006); Mufied v. Mukasey, 508 F.3d 88, 91-92 (2d Cir. 2007) (discussing the "ordinary remand rule").

For the foregoing reasons, the petition for review is GRANTED, and the case REMANDED for further proceedings consistent with this order.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk